NUNNEMACHER (UNITED STATES v.). See Cases Nos. 15,902 and 15,903.

NURNBERG, The (BEYER v.). See Case No. 1,380.

_____

## Case No. 10,380.

### NUSBAUM v. EMERY.

[3 Biss. 469;[1] 5 Chi. Leg. News, 549; 18 Int. Rev. Rec. 85.]

Circuit Court, N. D. Illinois. Feb. 25, 1873.

DISTILLER CANNOT RECOVER MONEY DEPOSITED FOR PATENT METERS — DUTY OF COLLECTOR — PRESUMPTION THAT REGULATIONS WERE FOLLOWED — PATENTED METERS — MAY BE PRESCRIBED — DISTILLER — WHEN ESTOPPED.

1. A distiller cannot recover from the collector money which he had deposited with him to pay for the patented meters for his distillery prescribed in the internal revenue department.

2. Upon receipt of meters he should transmit the deposits to the patentee; and he is not liable to the distiller. He is a mere stakeholder.

3. Where a plea does not distinctly either allege or deny that the regulations were followed, the court, on general demurrer, will presume that they were.

4. Congress has the right to compel distillers to affix certain meters to their stills as a condition precedent to carrying on their business, whether such meters are patented or not.

5. The government having prescribed the terms upon which a person can engage in the business of distilling, a person having accepted those terms and entered upon the business cannot afterwards question their binding force.

This was an action of assumpsit as for money had and received, brought by Adolphus and Simon Nusbaum, distillers at Peoria, against Enoch Emery, the United States collector for that district, to recover the sum of $1,500 deposited with him to pay for certain Tice meters to be used in their distillery. Defendant pleaded, in substance, that the said sum was not had and received by him as the money of plaintiffs, but as the money of one Isaac P. Tice; that on the first day of June, 1869, plaintiffs were distillers at Peoria, in said district, and holding a license as such distillers according to the rules and regulations prescribed by the commissioner of internal revenue of the United States; that theretofore said commissioner had, by certain rules, adopted and prescribed for use by all distillers of the United States, certain spirit meters manufactured at the city of New York by the said Isaac P. Tice, he being the only manufacturer thereof; which rules and regulations in substance required that all distillers should make application in writing to the collector of internal revenue of the collection district within which their distilleries were situate, for said Tice meters, and should deposit with such collector the price of such meter by a certificate of deposit, to be forwarded to said Tice, when Tice should ship the meter at the city of New York, by a good and responsible company of common carriers, to the distiller applying therefor, and should forward bills of lading to the said collector; that the plaintiffs being such distillers, on the day and year aforesaid made their application in writing for certain spirit meters to said defendant, who was then collector of internal revenue for the district in which said distillery was situate, and deposited with the defendant the said money in said declaration mentioned, to pay the purchase price of said meters according to said rules and regulations; that said application for said meters was duly forwarded to said Tice, who shipped said meters by responsible carriers to plaintiffs at Peoria as required by said application, and forwarded the bills of lading, and that said meters were afterward duly received by said plaintiffs at Peoria. Wherefore defendant saith that said money so had and received by him became and was the money of said Isaac P. Tice, and not the money of said plaintiffs. To this plea plaintiffs filed a general demurrer.

Ingersoll & McCune, for plaintiffs.
J. R. Doolittle, for defendant.

BLODGETT, District Judge. By the third section of the act of July 20, 1868 (15 Stat. 125), it is provided that whenever the commissioner of internal revenue shall adopt and

_____

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

prescribe for use in distilleries any meter, every owner, agent, or superintendent of a distillery, must furnish and attach at his own expense such meter for use in his distillery.

On the 16th of September, 1868, the commissioner of internal revenue adopted and prescribed for use in distilleries the spirit meter, invented by Isaac P. Tice, which it appears had also been adopted and prescribed by the secretary of the treasury on the 19th day of April, 1867, under section 15 of the act of March 2, 1867 (14 Stat. 481), and was subsequently recommended by the commissioners appointed by joint resolution of congress, approved February 3, 1868 (15 Stat. 246).

By certain rules and regulations adopted by the commissioner of internal revenue at the time of adopting said meter, the commissioner notified all distillers of the fact that the meter so adopted had been patented to Mr. Tice, and that he alone had the right to make and sell the same, but that by an agreement between the commissioner of internal revenue and Mr. Tice the price at which said meters should be sold had been fixed by a committee of three skillful and practical mechanics, two of whom had been selected by the commissioner and one by Mr. Tice. The regulations then provided that in order to obtain such meters, distillers should make application to Mr. Tice through the collector of the district where the distillery was situate, and at the time of making application should furnish to the collector a certificate of deposit in a United States depository, payable to the order of Mr. Tice, for the amount of the price of the meter or meters so applied for. The collector was to certify upon the application that he had received such certificate, and forward the application to the office of the commissioner of internal revenue for transmission to Mr. Tice.

In his application the distiller was also required to state the means of access to his distillery, whether by railroad, steamboat, or canal, and with what points the distillery was connected by either of these modes of conveyance, and upon the delivery of the meter to the distiller the collector should at once transmit the certificate of deposit to Mr. Tice.

It will be seen that the plea sets up a substantial and almost literal compliance with the statute and regulations under it, and the demurrer admits the facts alleged in the plea. The act of congress authorized the commissioner of internal revenue to adopt a meter for use in all distilleries. By the order of September 16, 1868, the Tice meter was so adopted. The plaintiffs were distillers; their distillery was situate in Peoria, in this state. Defendant was collector of internal revenue for said district. Plaintiffs applied for certain meters, pursuant to the rules and regulations in that regard, and deposited the purchase price (the plea says by money or certificate of deposit, but the court must presume upon a general demurrer that the price

was deposited with the collector by certificate of deposit, made payable to Tice, because such was the requirement of the rules.) The meters were ordered, were shipped by Tice, and received by plaintiffs.

It then became the defendant's duty to transmit the certificate of deposit to Tice. I do not see how it can be claimed that defendant has ever received any money to plaintiffs' use. The certificate of deposit was not money, and defendant could not convert it into money except by forging the indorsement of Tice to the certificate, and that would not make the money he might thus obtain upon it the money of plaintiffs.

And even if it should be held that defendant disregarded the letter of the rules, and received from plaintiffs the money required to pay Tice for the meters ordered, instead of the certificate of deposit, still the moment Tice complied with the requisition and forwarded the meters to plaintiffs the money became the money of Tice, and defendant was liable to him for it.

This court has no doubt of the right of congress to compel distillers to affix certain meters to their stills as a condition precedent to the right to carry on the business of distillers. And if the meter adopted is the subject of a patent, the distiller may be compelled to purchase of the patentee, or what is equivalent to that, because it rests with the patentee only to say whether he will monopolize the manufacture of his patented article or allow others to manufacture on terms.

We can see no principle of law which would prevent the commissioner of internal revenue from adopting for use a certain meter because it was patented. In this case the government took the precaution to protect the distillers by limiting the price to a rate fixed by an impartial committee, and this, it seems to me, was all it was bound to do.

The power of the government to prescribe the use of certain meters or locks or other devices whereby it can exercise a proper surveillance over the business of distillers is incident to the power to raise a revenue by a tax on manufactured products. And when the government by its proper officers has prescribed the terms upon which a person can be allowed to engage in the business of distilling, and any person has accepted those terms and entered upon the business, it seems to me he ought not to be allowed to question their binding force upon him afterward. He elected to carry on the business on the terms imposed, and should not be heard afterward to deny that those terms are binding on him.

The defendant in this case is only a mere stakeholder, even admitting that he ever had the money. And when the event has transpired which transferred the title to the money to Tice, the defendant no longer holds it for plaintiffs. His duty as a public officer requires him to transmit the certificate, or money if money is deposited with him, to Tice, and it is not right that he should be sued for

money which plaintiffs have no right to demand of him.

Demurrer overruled.

[For hearing on a motion by plaintiff to set aside an order reinstating these cases on the dockets after they had been dismissed, see Case No. 10,381.]